FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAR 27 PM 3:50

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEROY L. BANNISTER | CIVIL ACTION |
| VERSUS | NO. 00-0350 |
| RAY HENNING | SEC. "B" (2) |

## ORDER, REASONS AND JUDGMENT

In this *pro se* and pauper filed §1983 complaint, state court prisoner Leroy L. Bannister seeks monetary damages for a failure to receive a transcript of his guilty plea proceedings. Bannister acknowledges receiving the transcript which was sent to him by certified mail on May 25, 2000 - about twenty-two months after a state court ordered the production of same and about three months after the filing of this federal action.

The Magistrate Judge recommended granting the court reporter's summary judgment motion and dismissing the court reporter's counterclaim for attorney fees and costs. (Rec. Doc. No. 18).

DATE OF ENTRY
MAR 2 7 2001

We note that there were no objections to the recommended dismissal of the counterclaim. Further, the record, law and findings of the Magistrate Judge support dismissal of the court reporter's counterclaim, styled by him as a "cross complaint". Accordingly, **IT IS ORDERED** that the counterclaim filed by Roy Herring is hereby **DISMISSED**.

In objecting to the Magistrate Judge's recommended dismissal of his complaint, Bannister argues he was delayed from attacking his state court conviction and sentence and that the delayed production of the transcript was a denial of due process.

Without objection, the Magistrate Judge correctly reported that after receiving the transcript in May 2000, Bannister still had about seven months left under state law to timely file collateral attacks upon his conviction and sentence. Finding no factual or legal errors in the record for the latter part of the Magistrate Judge's report and recommendation, we find no actual injury or prejudice to Bannister's First Amendment right of access to court. *Lewis v. Casey*, 518 U.S. 343, 348-356 (1996).

Lastly, Bannister objects to summary dismissal of his due process claim asserting the delay in producing the transcript was "inordinate" or excessive. However, every inordinate delay does

not alone become a denial of due process. *U.S. v. Hawkins*, 78 F. 3d 348, 350-51 (8th Cir. 1996) [citing *Rheuark v. Shaw*, 628 F. 2d 297 (5th Cir. 1980)].

Considering here the unfortunate twenty-two month delay in producing the transcript, the questionable reason for the delay, i.e. Bannister did not alert the state courts or court reporter of non-production despite having obtained a prior order of production, the six month period Bannister waited prior to filing this action, the contemplated use of the transcript to attack a state court guilty plea and sentence, and the seven months Bannister had left after receiving the transcript to timely prepare and file his collateral post-conviction attacks, this is "not the sort of prejudice that rises to a due process deprivation". *Mims v. LeBlanc*, 176 F. 3d 280, 281-83 (5th Cir. 1999); (18-month delay); *U.S. v. Tucker*, 8 F. 3d 673, 674 (9th Cir. 1993) (*en banc*) (Over three year delay did not violate due process). There is no hard-fast rule here. Each case has to receive an analysis of its own factual circumstances, guided by the four - factor test set out in *Mims*, *supra*, to access whether a delay in producing transcripts or processing appeals violates due process.

As noted above, after production of the transcript, Bannister

has not established an inability to timely file his application for post-conviction relief. If Bannister failed to timely file his application for relief in state court on or prior to February 18, 2001, it was due to his own neglect. Prior to the latter date he had the transcript for seven months. Never once did he raise a problem in this action with the accuracy or sufficiency of the transcript after receiving same. Seven months is more than enough time to review, prepare and file a collateral attack upon one's own guilty plea and sentence.

Further, Bannister could have filed for relief from his conviction without the transcript and thereafter supplemented his application with the transcript once it was received. *Oliver v. U.S.*, 961 F. 2d 1339, 1343 n. 3 (5th Cir. 1992); *U.S. v. Woods*, 870 F. 2d 285, 287 (5th Cir. 1989). Bannister fails to satisfy the prejudice factor as required by *Mims, supra*.

Therefore, Bannister's objections to the Magistrate Judge's Report and Recommendation are overruled and we hereby adopt the Magistrate Judge's report and recommendation as our opinion in this case.

Accordingly, **IT IS ORDERED** that Ray Henning's motion for summary judgment is **GRANTED** and **IT IS ADJUDGED** that Leroy Barrister's complaint is hereby **DISMISSED**.

New Orleans, Louisiana, this 27th day of March, 2001.

UNITED STATES DISTRICT JUDGE